■ MARY F. SEABROOK, Respondent, v R. H. MACY & Co., INC., et al., Appellants. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered May 10, 1984, denying defendants' motion to dismiss pursuant to CPLR 3216 for failure to prosecute, and granting plaintiff's cross motion to deem her service and filing of a notice of precalendar conference, within 90 days of her receipt of the Zenith defendants' demand that she notice the action for trial, to be adequate compliance with that demand on condition that plaintiff pay the defendants $500 within 10 days after service of a copy of the court's order, and upon failure to make such payment granting defendants' motion to dismiss and denying plaintiff's cross motion, unanimously modified, in the exercise of discretion, to condition the grant of the cross motion upon payment of $1,500 to defendants by plaintiff's attorney personally, and not by his client.

Plaintiff's notice does not literally satisfy the requirements of a 90-day notice pursuant to CPLR 3216. However, as Special Term noted, the rules changed, while this action was pending, to require a precalendar conference prior to serving and filing a note of issue and statement of readiness. (Rules of Sup Ct, NY & Bronx Counties, 22 NYCRR 660.35.) Here, issue was joined more than one year prior to promulgation of the rule. On the facts of this case, it was not an abuse of discretion to deem the notice served by plaintiff's attorney to have been sufficient

compliance. Defendants do not deny the action is meritorious, as demonstrated in plaintiff's moving papers. Moreover the action now appears to be ready for trial.

However, the dilatory tactics of plaintiff's attorney throughout have been so gross that a sanction of $1,500 to be paid to defendants by plaintiff's attorney personally, and not by his client, is appropriate, as we have directed. Concur — Sullivan, J. P., Fein, Milonas and Kassal, JJ.